IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Venerable Insurance and Annuity Company,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**Ronald French and Karen L. Torrence,**<br><br>    **Defendants.** | Civil Action No.<br>19-3473 |

## COMPLAINT FOR INTERPLEADER

Plaintiff Venerable Insurance and Annuity Company ("Venerable"), by counsel, brings this Complaint for Interpleader against Defendants Ronald French and Karen L. Torrence (collectively, "Defendants") and states as follows:

### PARTIES

1. Venerable (f/k/a Voya Insurance and Annuity Company) issued and administers insurance and annuities contracts, including Annuity Contract #90395681 (the "Contract") issued to non-party Nancy J. French and at issue in this case. Venerable is an Iowa corporation with its principal place of business in Iowa.

2. Defendant Ronald French (Mr. French) is currently designated as the Contract's beneficiary. Upon information and belief, Mr. French resides in Tomball, Harris County, Texas.

3. Defendant Karen L. Torrence (Ms. Torrence) claims to be the Contract's rightful beneficiary and that the designation of Mr. French as beneficiary is invalid. Upon information

1

and belief, Ms. Torrence resides in Tomball, Harris County, Texas.

## JURISDICTION & VENUE

4. This interpleader action is brought pursuant to Federal Rule of Civil Procedure 22.

5. This interpleader action involves a dispute over the right to proceeds from an annuity contract between two purported, competing beneficiaries. Venerable seeks to deposit the Contract proceeds with the Court while this litigation is pending.

6. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a) because the dispute concerns rights to proceeds substantially in excess of $75,000, and Venerable is completely diverse from all Defendants. *See Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 n. 46 (5th Cir. 2002) (holding that federal courts have subject matter jurisdiction over an Rule 22 interpleader action when there is (1) complete diversity of citizenship, which is met when the stakeholder/plaintiff is diverse from all the claimants/defendants, even if citizenship of the claimants is not diverse; and (2) an amount-in-controversy that exceeds $75,000 exclusive of interest and costs).

7. This Court is the proper venue pursuant to 28 U.S.C. § 1391 because Defendants are subject to the personal jurisdiction of this Court, and Defendants live in Harris County, Texas.

## FACTS

8. Venerable issued Nancy French the Contract during her lifetime.

9. The Contract proceeds are payable to the Contract beneficiary upon Nancy French's Death. Nancy passed away in July 2019.

10. Mr. French is currently designated as the Contract's beneficiary.

11. Ms. Torrence claims that she is the rightful Contract beneficiary and that the designation of Mr. French as beneficiary is invalid. In particular, Ms. Torrence claims that Mr. French was named the beneficiary after Nancy French was declared incapacitated and that, as Ms. French's guardian, Mr. French was barred from designating himself as the beneficiary.

12. Accordingly, given the competing claims for the Contract's proceeds, Venerable is uncertain which person to pay and faces the risk of having to pay twice if it is determined to have paid the incorrect beneficiary.

## CLAIMS FOR RELEIFE

*Interpleader*

13. Venerable incorporates each of the foregoing paragraphs as if set forth herein.

14. By virtue of the above facts, a dispute has arisen between Mr. French and Ms. Torrence as to who has a superior right to the Contract proceeds.

15. It is unclear whether Venerable should pay the proceeds to Mr. French or to Ms. Torrance.

16. Venerable cannot pay the Contract proceeds to Mr. French without subjecting itself to the possibility of liability to Ms. Torrence. Likewise, it cannot pay the Contract proceeds to Ms. Torrence without subjecting itself to the possibility of liability to Mr. French.

17. Venerable has no means other than this action of protecting itself against multiple claims as to the disputed proceeds.

18. Venerable is a disinterested stakeholder and claims no beneficial interest in the disputed assets, except for attorney's fees and other costs incurred in connection with this Interpleader action.

19. Venerable has no independent liability to any Defendant in this action.

20. Venerable desires to deposit the Contract proceeds with the Court for the pendency of this action.

*Attorney's Fees and Costs of Interpleader*

21. Venerable incorporates each of the foregoing paragraphs as if set forth herein.

22. Because of the present controversy, Venerable has had to retain counsel and has agreed to pay attorney's fees and incur costs to pursue this action.

## PRAYER FOR RELIEF

Wherefore, Venerable prays for the following relief:

(a) That the Court direct Venerable to deposit the disputed proceeds into the Court;

(b) That Venerable be fully and finally discharged from all liability as to the disputed Contract proceeds or amounts;

(c) That Venerable recover from the proceeds its attorney's fees and all costs incurred in connection with pursuing this action; and

(d) That Venerable be awarded all additional relief to which it may, or the Court determines it is, entitled.

Dated: September 13, 2019              Respectfully submitted,

                                                                   /s/ Steven Callahan

STEVEN CALLAHAN, ATTORNEY-IN-CHARGE
  Texas State Bar No. 24053122
  S.D. Tex. Bar No. 624715
  scallahan@ccrglaw.com
**CHARHON CALLAHAN**
**ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone: (214) 521-6400
Telecopier: (214) 764-8392

*Counsel for Plaintiff Venerable*
*Insurance and Annuity Company*